Good morning, Gerald King for Richard Tipton. Here's what distinguishes Mr. Tipton's case from the authority in any of the briefs before you. We have no idea what counts the jury used as the predicate offenses for his 924C convictions because they had no road map for that determination. We have no idea whether the jury convicted him of substantive 1959 offenses or for conspiracy to commit them, which the trial court's instructions authorize. We have no idea what crime and what elements, if any, the jury used when convicting him of 1959 murder or maiming because the indictment neither charged him with murder or maiming nor incorporated a federal or state statute that defined those offenses. Given the extraordinary facts of this case, there is more than a reasonable possibility that his 924C convictions rested on invalid predicate offenses. I'll expand on that. The trial court... How many murders was he convicted of being involved in? He was convicted of being involved in six murders and only had three death sentences. 848E offenses were the... Yes. So this case requires us to do two inquiries. You're essentially taking issue with the CCE murders as invalid code of violence predicates, as I understand. Is that correct? Those and the 1959 murder and maiming charges as well, Your Honor, which again are defective for the failure to incorporate elements that could be subjected to the categorical approach by virtue of... Mike, real close to you. Yes, Your Honor. Is that better? Yeah. There. I thought you were primarily going after the CCE murders as predicates. I meant to be going after all of them in an equal opportunity manner, Your Honor. I think the 1959 murder and maiming convictions have a profound defect for the failure to charge... Mr. Rohn is going after the Vicar murders, but I didn't see a discussion of the Vicar counts. No, Your Honor. I think that's the first section of our brief is devoted to the Vicar counts, the 1959 murder and maiming counts, and arguing that, again, in the first place, the jury was expressly authorized to convict on those counts just on conspiracy to commit any of the substantive offenses listed. And then secondly, those counts are not accompanied by the federal murder charge. Yes. Whether you did or whether you didn't, we're being asked to accept the basic proposition  and that just leaves me dumbfounded. The idea that murder is not a crime of violence, and particularly 21 U.S.C. 848 murder is not a crime of violence. And the intentionality, knowingness, willfulness is plastered all over this record. I mean, just let me read from the statute. It says here, whoever intentionally kills, not recklessly, intentionally induces, etc., and such killing results. Our precedent does not allow, it says almost categorically that murder cannot be committed by omission or whatever, and as I understand it, this statute talks about intentional killings. And that doesn't bring it within the ambit of Borden, and the instructions designed to stand it set forth the statutory terms and elements that had to be found by the jury, and that reflected intentionality. And then when you look at what the evidence showed, there was nothing reckless or accidental or risk-taking. It wasn't submitted to the jury on a risk theory. It was all intentional, whether it be the statute or the instructions or the evidence, whatever. It's, these were reckless. These were brutal, repeated, intentional efforts to kill other human beings. And I just can't believe that I'm being asked to accept the proposition that CCE murder is not a predicate crime of violence for 924C purposes. I just, I don't, I can't get my mind around it. Your Honor, in cases like this where we have multiple predicates, we have two inquiries that we have to do. We have to do the categorical approach, which requires, and forbids, considering the facts that you have just recited. You're saying we can't consider the real facts of the case? Not for the purposes of the categorical approach. The modified categorical approach is not here. And the amount of, oh yes, Your Honor, go ahead. A felon's got a death penalty? Yes, sir. Or more than one death penalty? Three death sentences, Your Honor, yes. Pardon, three death sentences? Three death sentences. And how many life sentences? Three. Three life sentences. And that was 30 years ago? Yes. Judge Spencer downstairs here? Yes, sir. That's where his courtroom was. Yes, sir. The categorical. And if he got the relief you're looking for, how would that favor his sentence situation? The argument that we have made citing Tucker. He's right now doing three life sentences and waiting three death penalties. If he got relief, what would he possibly get? The authority that we've cited in Tucker, and for the greater procedural perceptions in capital cases, argues that he should be re-sentenced if the 924C convictions are vacated. Because the best he could do if he got re-sentenced? The best that he could do if he got re-sentenced would be life in prison. The best he could do would be life. So the best thing he could do if you prevailed here, and I admire your work, let me tell you that. I know what you're up against here. The best he could possibly do is get out from under the death penalty. Yes, your honor. And he hadn't, the government's never, the authorities have never even scheduled his execution. He has had previous execution dates. Pardon? Yes, your honor, he has had previous execution dates. I believe two, but at least one. He has one now? No, he does not. He is eligible for execution if the, yes. So that's what we're talking about, is whether he can get out from under the death penalty. Okay. Yes, and we argue that the consideration of the 924C convictions, which we are arguing are unconstitutional following the vacature of the residual clause, should result in a re-sentencing under Tucker. I appreciate that. No. And with the 924Cs, Judge Wilkinson, if I can respond, it is a categorical analysis, which means we ask what is the least culpable conduct. Except the proposition that CCE murder is not categorically a crime of violence. And, of course, the residual clause was struck down, but the force clause remained in effect. Yes. And the intentional application of, not the reckless application of force, but the intentional application of force is still very much a crime of violence under the force clause. And it's still very much a valid predicate. And in light of the way that the statute reads and the instructions, and sometimes when we're talking about the instant offense, or we could look at what the evidence indicated, we often look at what the evidence indicated in deciding if there's one valid predicate and one invalid predicate. We look at the evidence to say if it's likely that the jury may have convicted on the invalid predicate. So I don't think that the evidence is necessarily off-bounds under an alley decision. What I'm concerned about is that the thrust of your argument seems to be a board argument, that this is somehow not an intentional application of violence under the force clause. And then when I read the statute and it talks about intention, it doesn't say who intentionally or recklessly killed. That word reckless is nowhere in the statute. And the killing has to result as a result of the intentional application of force, either through principal liability or through aid and abetting liability. And to me, when you read the statute, it just seems very straightforward. Your Honor, if I may, you are correct that we look at the facts when determining which of multiple predicates were relied upon by the jury. That is the Saeed Ali fact-intensive inquiry. But prior to that inquiry is the categorical inquiry. You want us to pursue a categorical approach, and I say fine. I say great, terrific. Let's look at the indicia of the categorical approach, which is the statute, and the instructions given pursuant thereto. Yes. And our argument would be that 84080 does not satisfy Borden because the least culpable conduct to criminalize is counseling unintentional killing. There's a string of words that would not – Counseling is different than aiding and abetting? Yes, Your Honor. We think that this is a different – the district court compared – Aiding and abetting statutes say counseling? That's one of the words that appears in aiding and abetting. It says aiding, abetting, counseling, procuring. Aiding and abetting is the same thing as being a principal. It is, and we make this distinction in our briefing because we think that the district court conflated aiding and abetting law and the actual text of 84080. It is true under this court's precedent that aiding and abetting a crime that has been found to be a crime of violence is a crime of violence. Yes, Your Honor. The statute are classic aiding and abetting verbs. Whoever commands, counsels, procures, and induces. That's just classic paradigmatic aiding and abetting language. And aiding and abetting is a principal. Aiding and abetting – and yes, under this court's principle, aiding and abetting a crime of violence is a crime of violence. But with 84080, that aiding and abetting language is baked into the elements that we have to examine for the categorical approach. And I think it is a leap. It is a move to say – If we were to agree with you, you've still got X number of life sentences. Yes. They're aiding and abetting an intentional crime. They're not aiding and abetting a reckless crime. They're aiding and abetting an intentional verb. And, Your Honor, I think the analysis is what is the least conduct criminalized – And the fact that some of that language does parallel aiding and abetting does not move us to the aiding and abetting analysis explicitly. The question is what does 84080 criminalize? Aiding and abetting in 84080 – We just tie it in. It says who counsels, induces, procures. And then they come right back. The intentional killing. In other words, the sentence begins with the word intentionally kills. And then it has aiding and abetting verbs. And then right after that, it talks about the intentional killing, which must, as a matter of fact, result. And, I mean, Congress has just laid it out. And your client was convicted of these murders. And, you know, you've got to start with the statute here. Yes. You know, I don't want to repeat myself except to say that the word reckless or risk-taking is nowhere to be found. This is classic abetting language. It's classic force clause or elements clause application. It is categorically so. And to accept your argument just leads us to the view that, oh, well, murder can somehow be committed by omission or inadvertently or whatever. But that's not the way that Congress wrote the statute. Your Honor, I see that I'm out of time. May I respond briefly to what you just said? No, but you've got some rebuttal time. Okay. Thank you. Let me ask my co-panelists if they have any questions. We don't have any questions. Mr. Cook. Thank you, Your Honor. May it please the Court. I'll pick right up on the aiding and abetting point. I want to find out, Mr. Cook, do you agree that it's a categorical approach apprised of everything or is there a modified categorical approach on this? Can we take a look at the facts? It's all in the record. Right. So there's three main offenses that are being discussed. There's two different types of VICAR offenses and the 848E. For 848E, you can treat it as a crime of violence or the government, as we argue, it can be a drug trafficking crime. That's my question. Where is CCE murder in the U.S. Code? Okay, so CCE murder is in Title 21 in the Controlled Substances Act. Controlled Substances Act, and it's a felony punishable under the Controlled Substances Act? Exactly. Isn't that open and shut then that it qualifies as a drug trafficking crime? It does. We don't need to get into crime of violence, aiding and abetting. This has been an interesting discussion, but it's not necessary, right? That's exactly right. I don't think there's a colorable debate that 848E is not a controlled substance offense within the definition of 924C2. Then the defendant's argument becomes purely that, well, two things. It wasn't argued as a drug trafficking offense to the jury, which is another point I would concede. This was a CCE overall that was drug trafficking charges that the jury The statute asks, is it a felony punishable under the Controlled Substances Act? Right. It doesn't sound like we're allowed to start looking at the transcripts and see, well, did they emphasize the drug part of the crime or this other part? Right. And you're right about the record, but is that even the inquiry? It is not. I'm sorry. I should have been clear. What I was moving to is if you assume that the only valid predicate here was a 924C2 drug trafficking offense, and then we're asking whether the jury would convict if that were the only option before them, and on that fact-based question that this Court's opinions and Saeed and Ali have addressed, it's an easy answer that they would because the during in relation to requirements that 924C require are essentially built into the 848E offense in the first place. In order to convict a defendant of an 848E murder, the jury has to find that there was a murder. And here, factually, the murders, there's five 848E offenses that were predicates for the 2924C's at issue here. All of those murders were by firearm. So if the jury found that the defendant committed that offense, they found that there was a use of a firearm, and then the during in relation to requirement is met because the CCE murders have to be committed during the defendant acting in furtherance of the CCE. So there's basically no daylight between the CCE requirements and the 924C during in relation to standards. And so once the Court says that, as it really has to, that the 848E is a felony punishable under the Controlled Substances Act, and then it looks at what the jury had to find to conclude that the CCE murders were proven, all the elements of the 924C basically would be essentially incontestable. And the defendant's burden is to show more than a reasonable possibility that the jury only found them guilty of the 924C because it improperly considered the predicates now deemed invalid. And if you assumed that all the other predicates were invalid... But it wouldn't be possible for the jury to convict without finding intentionality. That's true, too. And to pivot to the point about 848E is a valid crime of violence in addition to being a drug trafficking offense. All of the words in the CCE statute that look like aiding and abetting are aiding and abetting, and I'd make two points about that, really. The first is that... But there's no room for the jury to convict on a recklessness theory. There is not. And none of those words that are aiding and abetting words get you recklessness because looking at the Supreme Court's recent opinion in Hansen, it looked at language that was slightly different than the aiding and abetting statute and said, no, that's aiding and abetting, and the same would apply here. And I'd add on top of that a second point. I mean, Judge King just pointed out to your opposing counsel that aiding and abetting liability is identical to principal liability. These are aiding and abetting verbs. That's exactly right. And in addition, if you were to accept the defendant's view that 848E is broader than aiding and abetting liability, you'd have to be concluding that Congress wanted the death sentence to be available on a theory of aiding and abetting liability that's broader than classic aiding and abetting liability, and I don't think there's anything to support that. It makes perfect sense that Congress would have said aiding and abetting liability is available for 848E and that you can get a death sentence under aiding and abetting liability. You have to ask not only are they aiding and abetting verbs, which they are, but you have to ask aiding and abetting what? And the direct object of aiding and abetting is an intentional killing. That's right. And I should add that for every single one of the 848E murders, at the penalty phase, although the jury did not return a death sentence on every 848E, they found the threshold factors, all of them on intentions for those 848E murders. So what that means is that for every 848E, the jury found that there was an intentional murder under 848N. Are there other circuit courts around the country that have found this to be, 848E, to be a crime of violence? I'm not sure how many cases there are on it as a crime of violence, honestly, as I stand here. I mean, I think that there's been unbroken precedent that murder, first and second degree murder, have been treated as crimes of violence, and this is just a species of that. On top of that, it's a species of murder that does not permit felony murder. And it's clear that these fellows got a fair trial. That's been litigated for the last 30 years. Well, and they've been up here, how many times have they been in our court with efforts to review? We've taken several looks at it. Yes. Multiple looks. Many. Wilkins and I have been on some, and they've got plenty of due process. Yes, and I'd like to touch also briefly on the question of remedy, if this court were somehow to find that these 924Cs are invalid. The way that you get to a resentencing after a 924C is invalid is a sentencing package doctrine. But here, the death sentences are mandatory because the jury returned them. And so there isn't a way for the district judge to say, I'm going to reopen and revisit those death sentences. The remedy would clearly be just to excise the consecutive sentence for the 924C, and that's it. And so really all this is about is some consecutive sentences to death sentences and life sentences. Does the record show where they're being held? I'm talking about these because we've got another one right behind you. You're in both of them. They're both at Terre Haute, I believe. Indiana. Okay. Judge King makes a point. If anyone is concerned about the death penalty being hastily administered or administered without observance of the basic precepts of due process of law, to reinforce my colleague's observation, there has been no case that I am familiar with that has had as much due process over and over and over again as this one. This case had its first appearance. When did this case make its first appearance? At the Fourth Circuit. At the Fourth Circuit I believe that was 1996. The prosecution was in 1992. Okay, 1992 it was prosecuted. 1996 it made its first appearance in this court and then it repeatedly has appeared at different guises over the years. Entirely up to you as to whether you want to set an execution date or not. That's the party's function. But it is a bit disconcerting to see the legal process drag on for roughly close to 30 years. Is this ever going to reach any kind of conclusion either because the executive says we're no longer going to seek the death penalty or the executive decides we'll move on it? I don't know, it seems like it's a commentary of sorts that this, just in its appellate phase, has continued for almost 30 years. What do you say about that? I understand your Honor's point. I am not involved in the decision making for setting an execution date. You're the representative of the Department of Justice standing here. You're the only one we've got. I understand your Honor. But that decision is in the hands of the Attorney General for whom you work. Right. All right. Unless the Court has any other questions, I ask that you affirm. Mr. King, we've got some rebuttal time. Thank you, Your Honor. I want to underscore that we're doing two different inquiries in the statute here. Your Honor had a lot of questions about 848E and the elements and encouraged reviewing the elements. That is exactly what the categorical approach requires and that's where we say that 848E falls short because, again, the least culpable conduct is counseling and intentional killing. With respect to the aiding and abetting discussion that we've had, yes, in this circuit, aiding and abetting a crime of violence is a crime of violence. But in this case, the issue would be, is aiding and abetting counseling unintentional killing? Is that a crime of violence? And I don't think that question has been decided or can be incorporated into this Court's precedent concerning aiding and abetting. If I could respond to Judge Rushing's questions to Mr. Cook, this is where I think we shift to the second part of the inquiry, which is the Saeed Ali's fact-intensive look at what the jury was actually presented. And I do think that it matters that the 848E was presented to them, for the reasons that we argued in our brief, as a crime of violence. We should underscore that the Court... When you say presented, you mean the government argued about it as, you know, it's violent to kill someone. But the jury was presented with a jury instruction that said, listed out the predicates and said, all of these are either a crime of violence or a drug trafficking offense, right? That's correct. And our contention is... The jury didn't have to find one or the other. It had both options. I'm not sure it's clear what the jury found or what they were asked to find. Again, they were given all of these charges, including some that don't apply to Mr. Tipton, in a big streak differentiated only by number. And the Court said, as you quoted, these are either crimes of violence or drug trafficking crimes. The district court said... Do you agree that 848E is a felony? Yes. And that it's punishable under the Controlled Substances Act? Yes.  So that's the inquiry, right? That's all that Congress tells us to ask. I think when you are looking in a multiple predicate situation, as we are here, the inquiry is, what, to the best that we can determine, did the jury find as the predicate? And our argument is there's more than a reasonable possibility here that they relied on an invalid predicate because the 848E offenses, as we've been discussing, but also the 1959s. And I do want to underscore, the jury was asked to convict Mr. Tipton of murder, to convict Mr. Tipton of maiming, with no statutory definition to use to guide what elements it needed to consider and find unanimously beyond a reasonable doubt. I think that is a profound defect. And the instruction was defective? Yes. And the charging was defective. There's no incorporation of a statute that defines murder, that defines maiming. And without that, we can't even do the categorical analysis required for 1959. The 1959 offenses fail the categorical analysis at the outset because there are no elements to look to to determine whether Borden's intent requirements are satisfied. So this is another reason why we argue that there is more than a reasonable possibility that the jury convicted Mr. Tipton of these 924C offenses based on an invalid predicate because the 1959s are fatally flawed at the outset. If the court has no additional questions, those cover the topics that I had highlighted for my rebuttal. Thank you. Thank you. Thank you very much. Because of COVID restrictions, I'm unable to come down.
judges: J. Harvie Wilkinson III, Robert B. King, Allison J. Rushing